**NOT FOR PUBLICATIONsw9**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM D. HILL, III, | : |
| Plaintiff, | : Civil Action No. 05-5117 (JAP) |
| v. | : |
| | : **O P I N I O N** |
| OFFICER JOSEPH NIGRO, et al. | : |
| Defendants. | : |

**APPEARANCES:**

WILLIAM D. HILL, III, #157317
Plaintiff <u>Pro Se</u>
Hudson County Correctional Center
35 Hackensack Avenue
South kearny, New Jersey 07032

**PISANO, District Judge**

Plaintiff William D. Hill, III ("Hill"), confined at the Hudson County Correctional Center in South Kearny, New Jersey ("HCCC"), seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915 (1998). The Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> and direct the Clerk to file the Complaint without prepayment of fees. <u>See</u> 28 U.S.C. § 1915(a). Having thoroughly reviewed Plaintiff's allegations, the Court will (1) permit Plaintiff's excessive force in

effecting arrest claim to proceed; and (2) dismiss the Complaint as against the Harrison Police Department, as the Police Department is not a suable "person" under § 1983.

## I. BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of his rights secured by the Constitution and laws of the United States. Defendants are police officer Joseph Nigro and the Harrison, New Jersey Police Department. (Compl.,Defendants.)

Plaintiff asserts the following facts:

> On September 26, 2004, at approximately 8:22 a.m., in the township of Harrison, N.J., officer Joseph Nigro had fired numerous shots at me from his service weapon while pursuing me in an SUV. I was unarmed...Police officers are not supposed to fire their service weapon unless their lives are in danger. The Harrison Police department is involved for not professionally training Officer Joseph Nigro in proper protocol in discharging his weapon and did not properly supervise said police officer (Officer Joseph Nigro).

In light of the aforesaid factual background, Plaintiff

---

[1] 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

appears to assert the following claims: (1) excessive use of force by Defendant Nigro in effecting his arrest; and (2) failure to train Defendant Nigro in the appropriate use of his firearm.

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66, 1321-77 (1996), requires the Court to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 19159(e)(2)(B).

A. Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); accord Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Plaintiff is "required to 'set forth sufficient information to outline the elements of [the] claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 340 (2d ed. 1990)). The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept

3

as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)); Eli Lily & Co. v. Roussel Corp., 23 F. Supp.2d 460, 474 (D.N.J. 1998) (citing Nami and Holder).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Then v. I.N.S., 58 F. Supp.2d 422, 429 (D.N.J. 1999), aff'd sub nom. Then v. Quarantino, 208 F.3d 206 (3d Cir. 2000). "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir.1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). "When it appears beyond doubt that no

relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper." Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Section 1983 of Title 42 does not confer substantive rights, but provides a remedy for the deprivation of rights protected by federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998). To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him or her of rights, privileges, or immunities secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 48-49 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Shaw v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir.1990).

Plaintiff also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v.

5

New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt, 451 U.S. at 537 n.3). Causal connection is shown where a Defendant (1) participated in violating Plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his subordinates' violations; or (4) tolerated past or ongoing misbehavior. Friedland v. Fauver, 6 F. Supp.2d. 292, 302-03 (D.N.J. 1998) (citing Baker v. Monroe Tp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995)). The Court will now determine whether dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A is warranted.

B.  Excessive Force in Effecting Arrest

Plaintiff appears to accuse Defendant Nigro of the use of excessive force in arresting him by firing his weapon at Plaintiff while pursuing him. This claim is actionable under 42 U.S.C. § 1983. See Graham v. Connor, 490 U.S. 386 (1989); Tennessee v. Garner, 471 U.S. 5 (1985) Given the facts asserted, the Court will permit this claim to proceed in order to develop the factual record. See Saucier v. Katz, 533 U.S. 194, 201-02 (2001)(to prevail on an excessive force claim, a plaintiff must show that there was a seizure and that the use of force was

excessive under objective standards of reasonableness). The question of whether the force used by a police officer was reasonable is generally a question for the jury. <u>Abraham v. Raso</u>, 183 F.3d 279, 289-90 (3d Cir. 1999).

<u>C. Failure To Train</u>

The Harrison Police Department is not a "person" suable under 42 U.S.C. §1983, and therefore, not a proper Defendant. <u>See</u> <u>Darby v. Pasadena Police Dept</u>., 939 F.2d 311, 313-4 (5th Cir. 1991) (police department cannot engage in litigation as an entity except in concert with the government entity itself); <u>PBA Local No. 38 v. Woodbridge Police Dept.</u>, 832 F.Supp. 808, 825-26 (D.N.J. 1993) (police department not a "person" under § 1983). ,

Construing Plaintiff's failure to train claim against the Harrison Police Department as a claim against Hudson County and the City of Harrison, a liberal construction of the Complaint permits an inference of municipal and/or county liability. Under 42 U.S.C. § 1983, municipal liability only arises when a constitutional deprivation results from an official custom or policy. <u>Montgomery v. DeSimone</u>, 159 F.3d 120, 126 (3d Cir. 1998) (citing <u>Monell v. Dep't of Social Servs. of City of New York</u>, 436 U.S. 658, 691-94 (1978)). The municipality may also be liable under § 1983 for a failure to train its employees where such failure "amounts to deliberate indifference to the rights of persons with whom the [employees] come in contact." <u>Reitz v.

County of Bucks, 125 F.3d 139, 144 (3d Cir. 1997) (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)). Plaintiff simply has failed to make the aforesaid showing at this time.[2]

### III. CONCLUSION

Based on the foregoing discussion, the Court will grant in forma pauperis status to Plaintiff; permit Plaintiff's excessive force claim to proceed; and dismiss the Complaint as against the Harrison Police Department.

An appropriate Order accompanies this Opinion.

_____
JOEL A. PISANO
UNITED STATES DISTRICT JUDGE

Dated:  Feb 17 , 2006

---

[2] With respect to the above discussion, the Court notes that a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party. Id. At this time, Plaintiff has not named suable Defendants with respect to his failure to train claim.