NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
WILLIAM HILL, III.                  :
                                    :
            Plaintiff,              :
      v.                            :    CIVIL ACTION NO. 05-5117 (JAP)
                                    :
OFFICER JOSEPH NIGRO, *et al.*      :
                                    :    **OPINION**
            Defendants.             :
                                    :
_____ :

PISANO, District Judge.

    Presently before the Court is Defendant Police Officer Joseph Nigro's ("Officer Nigro") motion for summary judgment. *Pro se* Plaintiff William D. Hill, III ("Hill") opposes Defendant's motion and has filed his own motion for summary judgment.[1] The Court has jurisdiction under 28 U.S.C. § 1331, and resolves this motion without oral argument pursuant to Fed. R. Civ. P. 78. For the following reasons, the Court denies Plaintiff's motion, grants

---

[1] Defendant asserts that Plaintiff has failed to submit opposition to Defendant's motion for summary judgment and requests that, pursuant to Fed. R. Civ. P. 56(c), the Court grant Defendant's motion as unopposed. However, Fed. R. Civ. P. 56(c) does not simply allow the Court to grant a motion for summary judgment as unopposed. Rather, even where the non-moving party fails to respond, the Court may enter summary judgment in favor of the moving party only if the moving party has established that summary judgment is appropriate. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990); Fed. R. Civ. P. 56(e) ("If the adverse party does not . . . respond, summary judgment, if appropriate, shall be entered against the adverse party."). In any event, as Defendant recognizes, Plaintiff submitted a brief titled "Brief in Support of Plaintiff's Respectful Request For this Civil Action To Proceed and Not Be Dismissed," which reads as a reply to Officer Nigro's motion for summary judgment. The Court will thus construe Plaintiff's brief as an opposition to Defendant's motion, despite the fact that Plaintiff also submitted a "Notice of Motion for Summary Judgment" and a proposed form of order for summary judgment accompanying the brief.

Defendant's motion and dismisses Plaintiff's complaint.

**I.     Background**

This is Section 1983 action brought by Plaintiff against Officer Nigro and the Harrison Police Department. On September 22, 2004, Plaintiff was driving a stolen vehicle on the entrance ramp of Route I-280 in Harrison, New Jersey. Plaintiff contends that Office Nigro pursued him and fired shots towards him from his service weapon as he was fleeing from him. Officer Nigro asserts that he was forced to fire the gunshots at the stolen car Plaintiff was operating to prevent Plaintiff from striking and killing him by running him over with the vehicle. Plaintiff was not struck by any of the gun shots and did not suffer any injury. In the course of fleeing, Plaintiff admitted to driving away at high speeds and creating a serious risk of harm or death to others. He crashed into at least one other vehicle, sending its driver, Jason Barrus, to the hospital.

Plaintiff was indicted by a Grand Jury for attempted murder, aggravated assault, resisting arrest, theft and receiving stolen property. Defendant's Exhibit B, Transcript of Grand Jury Proceeding. Plaintiff pled guilty to aggravated assault in violation of N.J.S.A. 2C: 12-1b(6) and to resisting arrest in violation of N.J.S.A. 2C:29-2(b). Defendant's Exhibit C, Certified Criminal Record of Plaintiff.

Plaintiff thereafter filed a complaint against Officer Nigro and the Harrison Police Department containing an allegation of excessive force. Specifically, Plaintiff alleged that Officer Nigro violated Plaintiff's constitutional rights by firing numerous shots at him from his service weapon while Plaintiff was fleeing from him. Plaintiff further alleged that the Harrison Police Department did not train Officer Nigro in proper protocol in discharging his weapon and did not

properly supervise Officer Nigro. On February 21, 2006, the Court entered an Order dismissing the Harrison Police Department. Officer Nigro filed the instant motion for summary judgment motion on June 21, 2007. Plaintiff responded and filed a cross-motion for summary judgment on July 2, 2007.

## II.     Standard of Review

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are critical or "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict" for the non-moving party. *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1219 n.3 (3d Cir. 1988).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party makes this showing, the burden shifts to the non-moving party to present evidence that a genuine fact issue compels a trial. *Id.* at 324. In so presenting, the non-moving party may not simply rest on its pleadings, but must offer admissible evidence that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir.

1986).  The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial.  *Anderson*, 477 U.S. at 249.  If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment.  *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

### III.  Legal Discussion

Defendant argues that Plaintiff's excessive force claim must be dismissed in accordance with the opinion of the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Under *Heck*, if a favorable judgment on a § 1983 damages claim would "necessarily imply the invalidity" of the plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Heck*, 512 U.S. at 486-87. Officer Nigro contends that because Plaintiff pled guilty to aggravated assault in connection with the September 22, 2004 incident that forms the basis of the instant civil rights suit and the only cause of action now being litigated is for excessive force, Plaintiff's complaint must be dismissed under *Heck*.  Defendant cites *Smith v. Mitchell*, 2000 WL 33256676 (D.N.J. Nov. 21, 2000) where the district court applied *Heck* and dismissed the plaintiff's complaint because the plaintiff's excessive force claim would call his aggravated assault conviction into question.

The Court finds, however, that *Heck* does not apply to the instant matter. In *Smith*, the Plaintiff had been convicted of aggravated assault upon the same person who he was bringing his excessive force claim against.  In this case, however, Plaintiff pled guilty to aggravated assault upon a man named Jason Barrus, not upon Officer Nigro.  Although the Court finds that the

circumstances surrounding the assault conviction are relevant in determining whether the force used by Officer Nigro was reasonable under the Fourth Amendment, the Court does not find that Plaintiff's excessive force claim is barred under *Heck*.  Specifically, if Plaintiff were to prevail on his excessive force claim against Officer Nigro, it would not necessarily invalidate his aggravated assault conviction against Jason Barrus.

Nonetheless, the Court will grant summary judgment to Officer Nigro dismissing Plaintiff's excessive force claim.  Excessive force allegations are properly scrutinized under a Fourth Amendment objective reasonableness standard.  *See Graham v. Connor*, 490 U.S. 386, 388 (1989).  In assessing reasonableness, the Court must consider the totality of the circumstances in the case, including the severity of the crime, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.  *Id.* at 396.  The reasonableness of the particular use of force must be judged from the perspective of a reasonable officer on the scene.  *Id.*

Upon examining the totality of the circumstances, the Court finds that the force used by Officer Nigro against Plaintiff cannot be considered unreasonable.  It is well-established that a law enforcement officer "may use deadly force when the officer has sound reason to believe that a suspect poses a threat of serious physical harm to the officer or others." *Tenn. v. Garner*, 471 U.S. 1, 11 (1985).  The undisputed facts in the record indicate that Officer Nigro did have sound reason to believe that Plaintiff posed a serious threat of physical harm to both the officer and others.  Indeed, Plaintiff had created a highly dangerous situation as he was fleeing in his vehicle. Plaintiff admitted on the record at the time of his guilty plea to aggravated assault and resisting arrest that after the police told Plaintiff to pull over, he refused, driving away at high speeds and

crashing into at least one other car.  Specifically, as Plaintiff was eluding the police officers, he crashed into the car driven by Jason Barrus, who had to be taken to the hospital for injuries he sustained.  Further, Plaintiff admitted that his conduct posed a threat of serious physical harm or death to others.  Finally, Plaintiff does not dispute that at the point when Officer Nigro shot at the car, Plaintiff was driving his car backwards down a crowded entrance highway ramp directly in Officer Nigro's direction.  Considering these circumstances, the Court finds that the force used by Officer Nigro is reasonable under the Fourth Amendment.

Moreover, the Court notes that Plaintiff does not allege that he was injured by any of the gun shots.  To the contrary, it is undisputed that Plaintiff was not hit by and did not get hurt by any of the shots.  Courts have found that for this reason alone, a defendant may be entitled to summary judgment dismissing an excessive force claim.  *See, e.g., Knight v. Caldwell,* 970 F.2d 1430, 1432-33 (5th Cir.1992) (holding that an arrestee must prove that he suffered some injury in order to prevail in an excessive force claim), *cert. denied,* 507 U.S. 926, 113 S.Ct. 1298, 122 L.Ed.2d 688 (1993); *McAllister v. New York City Police Dept*. 49 F.Supp.2d 688, 699 (S.D.N.Y.1999) (finding that the police officers who fired shots at the plaintiff were entitled to summary judgment on plaintiff's excessive force claim because the plaintiff was not hit or injured); *Landy v. Irizarry,* 884 F.Supp. 788, 799 n. 14 (S.D.N.Y.1995) (stating that an arrestee must prove some injury, even if insignificant, to prevail in an excessive force claim).

**IV.    Conclusion**

For the foregoing reasons, the Court grants Defendant's motion for summary judgment and denies Plaintiff's motion for summary judgment.   An appropriate order accompanies this opinion.

                                                    /s/ Joel A. Pisano
                                                    JOEL A. PISANO, U.S.D.J

Dated: August 29, 2007